**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| SUSAN C. HOLMES and EMILY ALLEN, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:19-cv-00420 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., NATIONAL CATASTROPHE TEAM, DAVID NORWOOD, DARRELL ADAMS, DANICA KING and MARVIN MITCHELL, | § § § § § § § § | JURY |
| *Defendants*. | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Allstate Vehicle and Property Insurance Company ("Allstate") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

**I.     *Procedural Background***

1.     On or about August 6, 2019, Plaintiffs filed Plaintiffs' Original Petition in the matter styled: *Susan C. Holmes and Emily Allen v. Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell*; Cause No. D190288-C; in the 260th Judicial District Court of Orange County, Texas, in which Plaintiffs made a claim for damages under their homeowner's insurance policy with Allstate following a severe windstorm event.  Allstate's registered agent received the citation and petition on or about August 12, 2019.  Defendant files this Notice of Removal within the time period required by 28 U.S.C. §1446(b).

1

2. Attached hereto as **Exhibit "A"** is a copy of the Orange County District Clerk's file, which includes true and correct copies of all executed process, pleadings and any orders. Attached hereto as **Exhibit "B"** is a List of Parties, Counsel and Other Information.

## II.     *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332(a)(1).  There is complete diversity of citizenship.

4. Plaintiffs are, and were at the time the lawsuit was filed, citizens of the State of Texas.  *See* Plaintiffs' Original Petition, ¶ 1.

5. Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.  Therefore, Allstate is diverse from Plaintiffs.  Further, Allstate is the only party that has been properly served at this time.

6. Defendants Danica King and Marvin Mitchell are domiciled in Alabama and are therefore diverse.  Defendant David Norwood is domiciled in Mississippi and is therefore diverse.

7. Defendant National Catastrophe Team is not a legal entity with capacity to be sued; therefore, it is not a proper party to this action and does not have a domicile as it does not exist as a legal entity.

8. Defendant Marvin Mitchell is domiciled in Texas.  Plaintiffs' Petition alleges that he was an adjuster of the insurance claim at issue and further alleges causes of action against him arising out of that adjustment.  *See* Plaintiffs' Original Petition, ¶¶ 17-25.  The cause of action in the case is related to wind, storm/hurricane damage and is subject to Tex. Ins. Code 542A.  *See* Plaintiffs' Original Petition, ¶ 15.  This Defendant should not be considered for diversity purposes because he is fraudulently joined to this action.

9. On September 10, 2019, Allstate filed its Elections of Legal Responsibility under Section 542A.006 of the Texas Insurance Code, requesting the Court to dismiss this action with prejudice against Darrell Adams, Danica King, Marvin Mitchell and David Norwood as mandated under Chapter 542A of the Texas Insurance Code.

10. With respect to the claims against Darrell Adams, Danica King, Marvin Mitchell and David Norwood, it is Allstate's position that they are now improper parties to this action and should not be considered for purposes of determining diversity. By timely filing its Elections under 542A of the Texas Insurance Code, the actions against Defendants Darrell Adams, Danica King, Marvin Mitchell and David Norwood are no longer viable and must be dismissed. See Tex. Ins. Code § 542A.006(c).

11. Further, with respect to the claims against Darrell Adams and National Catastrophe Team, it is Allstate's position that they have been fraudulently joined in this action. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994)

12. Here, based on Plaintiffs' vague allegations in Plaintiffs' Original Petition, there is no basis to reasonably predict that Texas law might impose liability on Darrell Adams because no real facts relating to him have been set forth. The allegations against Darrell Adams appear to simply be a recasting of those against Allstate.

7284842v1

13.    The amount in controversy in this case exceeds the jurisdictional requirements of this court.  Plaintiffs' Original Petition clearly states that Plaintiffs seek damages in excess of $200,000.00.  *See* Plaintiffs' Original Petition, ¶10.A.  This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.    *The Removal is Procedurally Correct*

14.    Allstate was first served with the petition on or about August 12, 2019.  It files this Notice of Removal within the time period required by 28 U.S.C. §1446(b).

15.    Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

16.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

17.    Pursuant to 28 U.S.C. §1446(d), promptly after Allstate files this Notice, written notice of the filing will be given to Plaintiffs, the adverse parties.

18.    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Orange County promptly after Allstate files this Notice.

Respectfully submitted,

By:   */s/Jay Simon*
    **Jay Scott Simon**
    State Bar No. 24008040
    jsimon@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, L.L.P.
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone:  (713) 403-8210
    Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on September 11, 2019, a true and correct copy of the foregoing was served upon the following Counsel of Record in accordance with the Federal Rules of Civil Procedure:

John Pat Parsons
LINDSAY, LINDSAY & PARSONS
710 N. 11th St.
Beaumont, TX  77702
jparsons@llptx.com

    */s/Jay Simon*
    Jay Scott Simon