FILED: 8/6/2019 1:47 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Annette Vaughan

NO. D190288-C

| | | |
|---|---|---|
| SUSAN C. HOLMES and EMILY ALLEN | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, NATIONAL CATASTROPHE TEAM, DAVID NORWOOD, DARRELL ADAMS, DANICA KING and MARVIN MITCHELL | § § § § § § § § | ORANGE COUNTY, TEXAS <br><br> 260th  JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **SUSAN C. HOLMES and EMILY ALLEN,** Plaintiffs in the above-entitled and numbered cause and file this Plaintiffs' Original Petition, complaining of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, NATIONAL CATASTROPHE TEAM, DAVID NORWOOD, DARRELL ADAMS, DANICA KING and MARVIN MITCHELL,** Defendants, (hereinafter referred to collectively as ("Defendants"), and for cause of action would respectfully show unto the Court the following:

### Parties

1.     Plaintiffs, Susan C. Holmes and Emily Allen, are individuals appearing in Court through their attorney of record.

2.     Defendant, Allstate Vehicle and Property Insurance Company, is an insurance company operating in Texas and may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1

**EXHIBIT A**

3.     Defendant, National Catastrophe Team, is an entity operating in the state of Texas through Allstate Vehicle and Property Insurance Company and may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.     Defendant, David Norwood, is an individual who is employed by Allstate Vehicle and Property Insurance Company, and may be served with process through his employer's registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.     Defendant, Darrell Adams, is an individual employed by Allstate Vehicle and Property Insurance Company, and may be served with process through his employer's registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.     Defendant, Danica King, is an individual who is employed by Allstate Vehicle and Property Insurance Company, and may be served with process through her employer's registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.     Defendant, Marvin Mitchell, is an individual who is employed by Allstate Vehicle and Property Insurance Company, and may be served with process through his employer's registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201

### Discovery Plan

8.     This matter is governed by Discovery Plan Level 2.

### Jurisdiction and Venue

9.     The subject matter in controversy is within the jurisdictional limits of this court.

10.    Plaintiffs seeks:

      A.  monetary relief over $200,000.00 and less than $1,000,000.00, and

      B.  a demand for judgment in that amount.

2

11.     Venue is proper in Orange County, because all of the Defendants' acts and omissions occurred in Orange County, Texas, according to Texas Civil Practice and Remedies Code Section 15.002(a)(1). All matters at issue arise in Orange County, Texas.

12.     The jurisdictional amounts are within the jurisdictional limits of this Court.

**Facts**

13.     On or about August 29, 2017, Plaintiffs sustained substantial damage to their property located at 705 Concord Street, Vidor, Orange County, Texas, as a result of **wind and hurricane/storm damage from Hurricane Harvey.**

14.     Plaintiffs reported this loss to their insurance company, Allstate Vehicle and Property Insurance Company, who set up a claim. Allstate Vehicle and Property Insurance Company used National Catastrophe Team to conduct an initial, outcome-oriented, inspection through its adjusters, David Norwood, Darrell Adams, Danica King and Marvin Mitchell. Defendants then issued a denial letter. *See Exhibit 1.*

15.     Plaintiffs' property was covered by a policy of insurance issued by the Defendant, Allstate Vehicle and Property under Policy No. 838648403 in the amount of $235,082 in structural coverage, $70,525 in other structure coverage, $141,050 in personal property coverage and ALE up to 24 months not to exceed $70,525. Plaintiffs provided notice of loss under the insurance policy at issue; namely, **wind, storm/hurricane damage** to the structure/house. Defendant, Allstate Vehicle and Property Insurance Company, through National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell, set up the claim and inspected Plaintiffs' property and adjusted Plaintiffs' wind/hurricane loss/claim (Claim Number 0473345098). Despite receiving proper notice and Plaintiffs' compliance with the requirements of the policy of insurance, Defendants did not conduct reasonable investigations and/or inspections of the premises and failed to make reasonable

3

attempts to pay full benefits due and owing under the policy of insurance and claims at issue.

16.    Defendants knowingly and intentionally minimized Plaintiffs' claims, in part, and failed to fully compensate Plaintiffs for the wind-related (storm related) losses when the insurance carrier's liability was reasonably clear.  Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team,  David Norwood, Darrell Adams, Danica King and Marvin Mitchell. failed to report the entire wind/storm loss thereby minimizing payment to Plaintiffs on the claim. Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team,  David Norwood, Darrell Adams, Danica King and Marvin Mitchell, failed to fully calculate the nature, extent, and amount of the wind/storm loss, again in an effort to minimize the payment to Plaintiffs.

17.    Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell, misrepresented both the nature and extent of the damages caused by the wind/storm and grossly underpaid Plaintiffs based on the value of the property; all leading to a substantial underpayment of policy benefits to Plaintiffs...........by and through the following acts/omissions committed by Defendants, Allstate Vehicle and Property Insurance Company/ National Catastrophe Team, and more specifically by **David Norwood, Darrell Adams, Danica King and Marvin Mitchell:**

a.    **Not addressing all of the structural damage (including exterior damages caused by wind/storm to the house);**

b.    **Not addressing all of the structural damage (including interior damages caused by wind/storm to the house;**

c.    **Not allowing for overhead and profit on Defendant's estimate;**

d.    **Not addressing any general conditions at the property;**

e.    **Not authoring a reasonable estimate based on the extent of the wind/storm damage;**

4

f.      **Failing to timely issue proper/full payment;**

g.      **Failing to pay recoverable depreciation (RCV);**

h.      **Authoring fraudulent reports that did not include all damage to the property;**

i.      **Drafting, authoring, and creating fraudulent denial letters, specifically including *Exhibit 1* to this Petition;**

j.      **Mailing fraudulent letters; and**

k      **Failing to pay mandatory statutory interest on all under-payments once the Ins. Code Demand letter was mailed (*see Exhibit 2*).**

18.    The above referenced facts document <u>a clear breach of the terms of the contract</u> (to pay for wind/storm related damage), as well as <u>a clear breach of Defendants' duty of good faith and fair dealing.</u>

19.    As detailed in the above paragraphs, Allstate Vehicle and Property Insurance Company wrongfully adjusted Plaintiffs' claims for structural repairs to the property. Furthermore, Allstate Vehicle and Property Insurance Company underpaid Plaintiffs' claims by not providing full coverage for the damage sustained by the Plaintiffs as well as under 'scoping' the damages during its investigation. Additionally, Allstate Vehicle and Property Insurance Company continues to delay in the full payment of damages to the structural damages and statutory interest...............Plaintiffs sent their 60-day Insurance Notice to Defendants on May 2, 2019. **See Exhibit 2.** Furthermore, Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell, failed to comply with the Texas Insurance Code by not paying statutory interest on its initial underpayment.

20.    Defendant Allstate Vehicle and Property Insurance Company failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically,

it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Allstate Vehicle and Property Insurance Company's conduct constitutes a breach of the insurance contract between Allstate Vehicle and Property Insurance Company and Plaintiffs.

21.     Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell, misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence----wind/storm/hurricane. Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

22.     Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell, failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

23.     Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell, failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams,

6

Danica King and Marvin Mitchell, failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell, did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

24.    Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell, failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell. Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

25.    Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell refused to fully compensate Plaintiffs, under the terms of the Policy, by failing to conduct a reasonable investigation. Specifically, Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell, performed an outcome-

7

oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

26.     Defendant Allstate Vehicle and Property Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' full claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Allstate Vehicle and Property Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

27.     Defendant Allstate Vehicle and Property Insurance Company failed to accept or deny Plaintiffs' full and entire claim within statutorily mandated time of receiving all necessary information. Allstate Vehicle and Property Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

28.     Defendant Allstate Vehicle and Property Insurance Company failed to meet its obligations under the Texas Insurance Code regarding full payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs has not yet received full payment for their claim. Allstate Vehicle and Property Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

29.     From and after the time Plaintiffs' claim was presented to Defendant Allstate Vehicle and Property Insurance Company, the liability of Allstate Vehicle and Property Insurance Company to

8

pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate Vehicle and Property Insurance Company has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Allstate Vehicle and Property Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.     Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

31.     As a result of Defendants, Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action. Plaintiffs, through their attorney, notified Defendants of its claims. **See Exhibit A.**

<u>**Causes of Action**</u>:

**Causes of Action Against Allstate Vehicle and Property Insurance Company, Only**

32.     Defendant Allstate Vehicle and Property Insurance Company is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

**Anticipatory Breach**

33.     Defendant Allstate Vehicle and Property Insurance Company committed an anticipatory breach of the insurance contract thus relieving Plaintiffs of any corresponding obligation on the contract. Defendant's denial of liability without justification was unreasonable and unjust.

9

### Breach of Contract

34.     Defendant Allstate Vehicle and Property Insurance Company's conduct constitutes a breach of the insurance contract made between Allstate Vehicle and Property Insurance Company and Plaintiffs.

35.     Defendant Allstate Vehicle and Property Insurance Company's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Allstate Vehicle and Property Insurance Company's insurance contract with Plaintiffs.

### Noncompliance with Texas Insurance Code
### Unfair Settlement Practices

36.     Defendant Allstate Vehicle and Property Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

37.     Defendant Allstate Vehicle and Property Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

38.     Defendant Allstate Vehicle and Property Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate Vehicle and Property Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

39.     Defendant Allstate Vehicle and Property Insurance Company's unfair settlement practice,

10

as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

40.     Defendant Allstate Vehicle and Property Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

41.     Defendant Allstate Vehicle and Property Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

### Noncompliance with Texas Insurance Code
### The Prompt Payment of Claims

42.     Defendant Allstate Vehicle and Property Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

43.     Defendant Allstate Vehicle and Property Insurance Company's failure to acknowledge receipt of Plaintiffs' full claim, commence investigation of the full claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Tex. Ins. Code §542.055.

11

44.     Defendant Allstate Vehicle and Property Insurance Company's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

45.     Defendant Allstate Vehicle and Property Insurance Company's delay of the payment of Plaintiffs' full claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

46.     Defendant Allstate Vehicle and Property Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

47.     Defendant Allstate Vehicle and Property Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate Vehicle and Property Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of good faith and fair dealing.

### Causes of Action Against Defendants, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell Only

### Noncompliance with Texas Insurance Code Unfair Settlement Practices

48.     Defendants National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a) All violations under this article are made actionable by Tex. Ins. Code §541.151.

49.     Defendants National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code. §541.060(a)(1).

50.     Defendants National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell's settlement practice, as describe above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendants' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

51.     Defendants National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

52.     Defendants National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060 (a)(4).

53.     Defendants National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an

13

unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

### Fraud Against Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell

54.     Defendants Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell are liable to Plaintiffs for common law fraud.

55.     Each and every one of the representations, as described above, concerned material facts for the reason Plaintiffs would not have acted and which Defendants Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell knew were false or made recklessly without any knowledge of their truth as a positive assertion. Each Defendant was engaged in the "business of insurance" at the time these fraudulent representations were made during the adjustment of Plaintiffs' claim.

56.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, there causing Plaintiffs to suffer injury and constituting common law fraud.

### Conspiracy to Commit Fraud Against Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell

57.     Defendants Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell are liable to Plaintiffs for conspiracy to commit fraud. Defendants Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds

14

regarding the course of action to be taken against Plaintiffs, Defendants Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell, committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result of Defendants' acts/omissions. At all times, Defendants knew that their liability was reasonably clear, and still failed to properly handle their claim which constitutes a breach of the duty of good faith and fair dealing.

### Knowledge/Intent

58.    Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" as the terms are used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

### Damages

59.    Plaintiffs will show that all of the above referenced acts were the producing cause(s) of Plaintiffs' damages. The damages caused by the wind/storm/hurricane have left Plaintiffs' property severely damaged. These damages have not been properly addressed by Defendants and have not been repaired due to the non-payment causing further damage to the Property, which has led to undue hardship and burden on Plaintiffs. Plaintiffs are forced to continue to live in the structure although severely damaged by the storm. These damages are a result of Defendants' mishandling of Plaintiffs' claim in direct violation of the laws detailed above.

60.    For Plaintiffs' breach of contract cause of action, Plaintiffs are entitled to the benefits they should have received under the policy of insurance in place at the time of the wind loss. Plaintiffs are asking for full benefits due and owing under the policy, along with their attorney's fees and expenses. Plaintiffs are entitled to full policy benefits that are due and owing for its loss.

15

61.     For the violations of the Texas Insurance Code and Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the full benefits due and owing under the policy, attorney's fees and expenses and costs of court.  Furthermore, because Defendants' acts were committed knowingly, Plaintiffs are entitled to three times their actual damages.

62.     For violations of the Texas Insurance Code and Prompt Payment of Claims, Plaintiffs are entitled to their damages, as detailed above and below, as well as eighteen percent statutory interest per year as damages, along with attorney's fees and expense.

63.     For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to all damages, including those detailed above and below, as well as all forms of loss resulting from Defendants' breach of said duty, including but not limited to additional costs, losses due to nonpayment of the amount(s) owed under the policy, economic hardship, punitive damages, exemplary damages.

64.     For Defendants' fraudulent acts, Plaintiffs are entitled to recover actual damages and exemplary damages for Defendants' knowingly making fraudulent representations, along with attorney's fees, interest, and costs of court.

65.     The acts and omissions of these Defendants have made it necessary for Plaintiffs to retain undersigned counsel, and Plaintiffs agreed to pay undersigned counsel reasonable and necessary attorney's fees, expenses, and costs of suit.  Plaintiffs' counsel has a forty percent (40%) contingent fee.  When calculated on an hourly rate basis, however, at customary hourly rate charges in this community, Plaintiffs anticipate that attorney's fees and expenses incurred through a trial of this case will be approximately $250,000.00 to $350,000.00, in the discretion of the jury, and also that any necessary appellate attorney's fees and expenses will be approximately $15,000.00, or in an amount in the discretion of the jury. Plaintiffs are entitled to recover its reasonable and necessary

16

attorney's fees and expenses under applicable provisions of the Texas Insurance Code.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that Plaintiffs recover their actual damages, consequential damages, statutory damages and enhancements, punitive damages, attorney's fees, costs, expenses, interest, and for such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**LINDSAY, LINDSAY & PARSONS**

John Pat Parsons
TSB#24065876
710 N. 11th Street
Beaumont, Texas 77702
409/833-1196
409/832-7040 (Fax)
jparsons@llptx.com

**ATTORNEY FOR PLAINTIFFS,
SUSAN C. HOLMES and EMILY ALLEN**

17



NCT Richardson
PO BOX 672041
DALLAS TX 75267

You're in good hands.

ldltlllll·lttllll·ll·lllllll·ltll·ltlltll·ltll·lln·lltlltlltl
SUSAN C HOLMES EMILY ALLEN
705 CONCORD ST
VIDOR TX 776626062

September 28, 2017

INSURED: SUSAN HOLMES
DATE OF LOSS: August 29, 2017
CLAIM NUMBER: 0473345098 PBW

PHONE NUMBER: 800-252-8294
FAX NUMBER: 866-222-0411
OFFICE HOURS:

## Re: Your Claim Status

Dear SUSAN C HOLMES EMILY ALLEN,

As part of your claim that resulted from windstorm, you have requested Allstate Vehicle and Property Insurance Company to provide coverage for your damage. Our investigation revealed on re-inspection that the water damages to the living room walls to be on going with evidence of wood rot that is gray and black in color. There is no evidence of wind driven rain caused the tiles in shower to crack or broken. Unfortunately, Allstate Vehicle and Property Insurance Company cannot provide coverage for these damages because of the following provision in your Allstate Vehicle and Property Insurance Company policy:

TX AVPIC HOUSE AND HOME POLICY          AVP91-00
Section I—Your Property

Losses We Cover Under Coverages A, B and C:

We will cover sudden and accidental direct physical loss to
the property described in Dwelling Protection–Coverage A,
Other Structures Protection–Coverage B or Personal
Property Protection–Coverage C caused by the following,
except as limited or excluded in this policy:
1. Fire or lightning.
2. Windstorm or hail.
We do not cover:
a) loss to covered property inside a building structure,
caused by rain, snow, sleet, sand or dust unless the
wind or hail first damages the roof or walls and the
wind forces rain, snow, sleet, sand or dust through
the damaged roof or wall;
b) loss to watercraft and their trailers, furnishings,
equipment and motors unless inside a fully enclosed
building structure. However, we do cover canoes
and rowboats on the residence premises.
3. Explosion.
4. Riot or civil commotion, including pillage and looting
during, and at the site of, the riot or civil commotion.
5. Aircraft, including self-propelled missiles and spacecraft.





2000020170928TR009000100001002000169

6. Vehicles.
7. Smoke.
8. Vandalism and malicious mischief.
We do not cover vandalism or malicious mischief if your
dwelling has been vacant or unoccupied for more than
30 consecutive days immediately prior to the vandalism
or malicious mischief. A dwelling under construction is
not considered vacant or unoccupied.
9. Falling objects.
We do not cover loss to personal property inside a
building structure unless the falling object first damages
the exterior walls or roof of the building structure.
10. Weight of ice, snow or sleet which causes damage to:
a) a building structure or other structure covered
under Dwelling Protection–Coverage A or Other
Structures Protection–Coverage B; or
b) property covered under Personal Property
Protection–Coverage C in a building structure, but
only if the building structure is damaged due to the
weight of ice, snow or sleet.
11. Artificially generated electrical current to electronics,
electrical appliances, fixtures and wiring.
12. Bulging, burning, cracking or rupture of a steam or hot
water heating system, an air conditioning system, an
automatic fire protective sprinkler system or an
appliance for heating water.
13. Water or steam that escapes from a plumbing, heating
or air conditioning system, an automatic fire protective
sprinkler system, or from a household appliance due to
accidental discharge or overflow. However, we do not
cover loss, including ensuing loss or the cost of tearing
out and replacing any part of your dwelling, caused by
the discharge or overflow of water or steam from within
a plumbing, heating or air conditioning system,
household appliance or fire protective sprinkler system
where the source of the discharge or overflow is either
below the surface of the ground or within or below the
slab or foundation of the dwelling except as specifically
provided in Section I, Additional Protection, under item
12, Foundation Water Damage.
We do not cover loss to the system or appliance from
which the water or steam escapes, or loss from water
which backs up through sewers or drains or overflows
from a sump pump, sump pump well or other system
designed for the removal of subsurface water which is
drained from a foundation area of a structure.
14. Freezing of a plumbing, heating or air conditioning
system, an automatic fire protective sprinkler system
or a household appliance.
We do not cover loss at the residence premises under
Items 12, 13, and 14, immediately above, which is caused
by freezing while the building structure is vacant,
unoccupied or under construction, or when freezing
results from a lack of utility services at the residence
premises to which item A.10 in Losses We Do Not Cover
Under Coverages A, B and C applies, unless you have
used reasonable care to maintain heat in the building
structure. If the building structure is not equipped with
an automatic fire protective sprinkler system, you may

elect to shut off the water supply and drain the water
from the systems and appliances instead of maintaining
heat in the building structure.
15. Theft, or attempted theft, including disappearance of
property from a known place when it is likely that a theft
has occurred. Any theft must be promptly reported to the
police.
We do not cover:
a) theft or attempted theft committed by an insured
person;
b) theft in or from the residence premises while under
construction or of materials and supplies for use in
construction, until the dwelling is completed and
occupied;
c) theft of any property while at any other residence
owned, rented to or occupied by an insured person
unless the insured person is temporarily residing
there;
d) theft of trailers, campers, watercraft, including
furnishings, equipment and outboard motors,
away from the residence premises; or
e) theft from that part of the residence premises
rented by you to other than an insured person.
16. Breakage of glass, meaning damage to covered personal
property caused by breakage of glass constituting a part
of any building structure on the residence premises.
This does not include damage to the glass.

Losses We Do Not Cover Under Coverages A, B and C:

B. Under Dwelling Protection–Coverage A, Other
Structures Protection–Coverage B or Personal Property
Protection–Coverage C of this policy, we do not cover
any loss consisting of or caused by mold, fungus, wet rot,
dry rot or other microbes. This includes any loss which, in
whole or in part, arises out of, is aggravated by or results
from mold, fungus, wet rot, dry rot or other microbes.
This exclusion applies regardless of whether mold,
fungus, wet rot, dry rot or other microbes arises from any
other cause of loss, including, but not limited to, a loss
involving water, water damage or discharge, which
may otherwise be covered by this policy, except as
specifically provided in Section I Conditions, Mold,
Fungus, Wet Rot And Dry Rot Or Other Microbes
Remediation As A Direct Result Of A Covered Water
Loss.

D. Under Dwelling Protection–Coverage A, Other
Structures Protection–Coverage B or Personal Property
Protection–Coverage C of this policy, we do not cover
any loss consisting of or caused by one or more of the
following excluded events, perils or conditions. Such loss
is excluded regardless of whether the excluded event,
peril or condition involves isolated or widespread
damage, arises from natural, man-made or other forces,
or arises as a result of any combination of these force

3. Planning, Construction or Maintenance, meaning
faulty, inadequate or defective:



4000020170928TR0090001000020020000170

a) planning, zoning, development, surveying, siting;
b) design, specifications, workmanship, repair,
construction, renovation, remodeling, grading,
compaction;
c) materials used in repair, construction,
renovation or remodeling; or
d) maintenance;
of property whether on or off the residence
premises by any person or organization.

This letter <u>only</u> applies to the living room and shower. I will continue to work with you to evaluate your other damages.

### We're Here to Help You

I hope that you understand the basis for this decision.  Please call me at the number below and refer to our claim number
should you wish to discuss any aspect of this case, including this letter.

Sincerely,

*DAVID NORWOOD*

DAVID NORWOOD
800-252-8294
Allstate Vehicle and Property Insurance Company

# LINDSAY , LINDSAY & PARSONS
## ATTORNEYS AT LAW

Barrett P. Lindsay
blindsay@llptx.com
Partner

710 NORTH 11TH STREET
BEAUMONT, TEXAS 77702
PHONE (409) 833-1196  FACSIMILE (409) 832-7040
www.llptx.com

John Pat Parsons
jparsons@llptx.com
Partner

Michael J. Lindsay
mlindsay@llptx.com
Of Counsel

### TEXAS INSURANCE CODE NOTICE LETTER
### TEXAS INSURANCE CODE CH. 542A NOTICE LETTER

May 2, 2019

Allstate Vehicle & Property Insurance Company    *Via CM/RRR# 7018 1830 0000 5911 3414*
Allstate National Catastrophe Team
Attention: David Norwood
Attention: Darrell Adams
Attention: Danica King
Attention: Marvin Mitchell
Post Office Box 672041
Dallas, Texas 75267

| Re: | | | |
|---|---|---|---|
| Our Client | : | **Emily Allen/Susan Holmes** |
| Claim No. | : | **0473345098** |
| Policy No. | : | **838 648 403** |
| Date of Loss | : | **August 29, 2017** |
| Location of Loss | : | **705 Concord Street, Vidor, Texas 77662** |

Dear Allstate Vehicle & Property Insurance Company and all parties listed above:

Please be advised my firm has been retained by **Emily Allen/Susan Holmes,** with respect to **losses as a result of the above referenced claim.** It appears from our investigation Allstate Vehicle & Property Insurance Company/Allstate National Catastrophe Team and its adjusters listed above never properly investigated the claim/losses nor paid full benefits that were due and owing under the policy for the Holmes/Allen's losses. Based on our clients' contention that this claim has never been properly handled, we investigated this matter and found a significant underpayment due to damages to the house.

On September 15, 2017, your company inspected the property. A DENIAL letter was sent on September 28, 2017. **See Exhibit 1.** Allstate Vehicle & Property Insurance Company/Allstate National Catastrophe Team's REPORT clearly referenced wind damage to the property. The denial letter appears to be a standard form letter sent that included policy language but nothing substantive explaining why the windstorm loss was not covered. Furthermore, the letter states that the denial is only for the living room and shower. The letter goes onto say that Allstate will continue to work



to evaluate the other damage. Apparently, Allstate failed to address the additional damage to the house caused by windstorm. Furthermore, the policy in effect covers storm, wind, and wind-driven rain damage. This denial letter clearly evidences Allstate Vehicle & Property Insurance Company/Allstate National Catastrophe Team's intent to avoid its duties under the policy after completion of the inspection.

As you know, an insurance company and its adjusters have a duty to act fairly and in good faith with their insureds. Unfair practices include such things as failing to attempt in good faith to arrive at a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear; and failing to provide a policy holder with a reasonable explanation of either the insurer's denial of a claim or offer to compromise a settlement within a reasonable time limit.

Please understand my client wishes to reach an amicable resolution to this matter without the burden or expense of litigation. However, any filing would seek damages for Ch. 541 and 542 Insurance Code violations, as well as breach of the duty of good faith and fair dealing, fraud and breach of contract. At trial, my client would be seeking recovery of all damages available under Texas law, including, but not limited to actual damages, statutory penalties (including 18% annual interest on all unpaid amounts), treble damages for "knowingly" underpaying these claims, as well as all interest, attorney's fees, costs and expenses incurred in prosecuting this matter.

**Emily Allen/Susan Holmes** purchased an insurance policy from Allstate Vehicle & Property Insurance Company to protect their property from this type of loss. To date, Allstate Vehicle & Property Insurance Company/Allstate National Catastrophe Team has not properly paid the benefits due and owing under the insurance policy. These acts are violations of the Insurance Code and are actionable under Texas law. Based on our review of the records, it does not appear that Allstate Vehicle & Property Insurance Company/Allstate National Catastrophe Team properly handled this claim. The investigation and claims handling was consistent with that of an outcome oriented investigation and report, in an effort to minimize the amount of policy benefits Allstate Vehicle & Property Insurance Company/Allstate National Catastrophe Team would pay.

Allstate Vehicle & Property Insurance Company/Allstate National Catastrophe Team failed to take all damages into consideration when formulating its estimate(s), as the damage was clear as can be seen in the photographs enclosed, and then failed to pay this claim fairly.

Notice is hereby given under Section 541.154 and 542A.003 of the Texas Insurance Code that my clients have sustained economic damages, to date, in unpaid benefits that are due and owing. Based on the policy, the deductible ($4,702.00) and the non-payment ($0.00), your company still owe **Emily Allen/Susan Holmes**

- $40,130.82 in actual damages to structure (see **Exhibit 2**);
- and attorney's fees and expenses in the amount of $3,248.67 (attached as **Exhibit 3**).

**Emily Allen/Susan Holmes** were forced to hire my firm since Allstate Vehicle & Property Insurance Company/Allstate National Catastrophe Team has yet to pay the full loss, which is due and owing. **Demand, prior to filing suit, is therefore made pursuant to the DTPA and Insurance Code for the amount of $43,378.95.**

It is the intention of **Emily Allen/Susan Holmes** and this firm that no binding settlement exists until any proposal and acceptance are both (i) reduced to a written settlement agreement approved by all parties to the settlement, (ii) signed by all parties for which the settlement agreement contemplates signature, and (iii) until all conditions or events required by the settlement agreement are fully satisfied. Neither this compromise settlement proposal or the accompanying facts and analysis contained in this document shall be construed as an admission or will be admissible at trial.

Please be advised that under the Insurance Code an award of court costs and reasonable and necessary attorney's fees is mandatory to an insured who prevails in such a lawsuit. Please be further advised that treble damages may be awarded at trial in the event that the jury finds that actionable conduct was committed "knowingly."

This demand will remain open for statutorily allotted sixty (60) day period at which time if no response is received, the demand will expire and we will proceed in a manner that will fully protect our client's legal rights. Please contact my office at your earliest convenience to discuss settlement of these claims.

I appreciate your immediate attention to this matter. Since my client is represented by counsel, please direct all future communications directly to the undersigned. I look forward to hearing from you in the very near future.

Very truly yours,

JOHN PAT PARSONS

Attachment:    Exhibit 1: Denial Letter
               Exhibit 2: Estimate for Repairs
               Exhibit 3: Contemporaneous Attorney Fee's and Expenses (Slip Listing)

cc:    **Emily Allen/Susan Holmes**

NO. D190288-C _____

| | | |
|---|---|---|
| SUSAN C. HOLMES and | § | IN THE DISTRICT COURT OF |
| EMILY ALLEN | § | |
| | § | |
| VS. | § | |
| | § | |
| ALLSTATE VEHICLE AND | § | ORANGE COUNTY, TEXAS |
| PROPERTY INSURANCE | § | |
| COMPANY, NATIONAL | § | |
| CATASTROPHE TEAM, | § | |
| DAVID NORWOOD, DARRELL | § | |
| ADAMS, DANICA KING | § | |
| and MARVIN MITCHELL | § | 260th _____ JUDICIAL DISTRICT |

## PLAINTIFFS' JURY DEMAND

Plaintiffs respectfully demand a trial by jury in the above-referenced matter.


Respectfully submitted,

**LINDSAY, LINDSAY & PARSONS**

_____

John Pat Parsons
TSB#24065876
710 N. 11th Street
Beaumont, Texas 77702
409/833-1196
409/832-7040 (Fax)
jparsons@llptx.com

**ATTORNEY FOR PLAINTIFFS,**
**SUSAN C. HOLMES and EMILY ALLEN**

CIVIL CITATION – CITCVWD

## THE STATE OF TEXAS

To: **Allstate Vehicle and Property Insurance Company**
     **RA: C T Corporation System**
     **1999 Bryan Street, Suite 900**
     **Dallas TX 75201**

Defendant, **NOTICE:**

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said     **PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND**

was filed and docketed in the Honorable 260th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on August 6, 2019 in the following styled and numbered cause:

**Cause No: D190288-C**

**Susan C. Holmes, et al VS. Allstate Vehicle and Property Insurance Company, et al**

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
     **John P Parsons**
     **710 North 11th St**
     **BEAUMONT TX 77702**
**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this August 7, 2019.



     **VICKIE EDGERLY, District Clerk**
     Orange County, Texas

     *Vickie Edgerly*

---

### RETURN

Came to hand on the _____ day of _____, 20_____, at _____o'clock_____, M., and executed in _____County, Texas, at _____o'clock_____.M., on the _____day of _____, 20____, by delivering, in accordance with the requirements of law, to the within named _____In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant _____

the diligence used to execute being _____

the cause of failure to execute is _____

the defendant may be found _____

TOTAL FEES: _____          BY:_____

## CAUSE NO. D190288-C

| | | |
|---|---|---|
| **SUSAN C. HOLMES and** | § | **IN THE DISTRICT COURT OF** |
| **EMILY ALLEN,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY, NATIONAL** | § | |
| **CATASTROPHE TEAM, DAVID** | § | |
| **NORWOOD, DARRELL ADAMS,** | § | |
| **DANICA KING and MARVIN** | § | |
| **MITCHELL,** | § | |
| | § | |
| *Defendants.* | § | **260TH JUDICIAL DISTRICT** |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S VERIFIED ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Allstate Vehicle and Property Insurance Company ("Defendant"), and files this its Original Answer to Plaintiffs' Original Petition, and would respectfully show unto the Court the following

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations contained within Plaintiffs' Original Petition and demands strict proof thereon, by a preponderance of the credible evidence, in accordance with the Constitution and laws of the State of Texas.

7278349v1

## II.
## VERIFIED DENIAL

Defendant National Catastrophe Team is not a legal entity with capacity to be sued; therefore, it is not a proper party to the lawsuit.

## III.
## DEMAND FOR JURY TRIAL

Defendant herein makes demand for a trial by jury.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing thereof, Plaintiffs recover nothing from Defendant and Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:   /s/Jay Simon

**Jay Scott Simon**
State Bar No. 24008040
jsimon@thompsoncoe.com
One Riverway, Suite 1400
THOMPSON, COE, COUSINS & IRONS, LLP
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

7278349v1

## CERTIFICATE OF SERVICE

This is to certify that on September 9, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

John Pat Parsons
LINDSAY, LINDSAY & PARSON
710 N. 11th St.
Beaumont, TX  77702
jparsons@llptx.com

_/s/Jay Simon_
Jay Scott Simon

# VERIFICATION

STATE OF TEXAS     §
                        §
COUNTY OF HARRIS   §

BEFORE ME, the undersigned notary public, on this day personally appeared Jay Scott Simon, as counsel for Allstate Vehicle and Property Insurance Company, who, being by me first duly sworn, did on his oath depose and say that he has read Defendant Allstate Vehicle and Property Insurance Company's Verified Original Answer and that the statements contained within the Verified Denial are, based upon information and belief, true and correct.



_____
Jay Scott Simon

SUBSCRIBED AND SWORN TO BEFORE ME by on this the _9th_ day of September, 2019, to certify which witness my hand and official seal.

VERONICA S PIZZITOLA
Notary Public, State of Texas
Notary ID 1016071-9
My Commission Exp. 09-14-2021

_____
Notary Public, State of Texas

4

7278349v1

## CAUSE NO. D190288-C

| | | |
|---|---|---|
| **SUSAN C. HOLMES and** | § | **IN THE DISTRICT COURT OF** |
| **EMILY ALLEN,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY, NATIONAL** | § | |
| **CATASTROPHE TEAM, DAVID** | § | |
| **NORWOOD, DARRELL ADAMS,** | § | |
| **DANICA KING and MARVIN** | § | |
| **MITCHELL,** | § | |
| | § | |
| *Defendants.* | § | **260TH JUDICIAL DISTRICT** |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE FOR DARRELL ADAMS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

### I.  RELEVANT BACKGROUND

On August 6, 2019, Plaintiff filed this action relating to events in claim number 0473345098, naming as defendants Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell.

For purposes of this Election, Darrell Adams ("Adams") is considered Allstate's "agent" under Texas Insurance Code Section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act on Allstate's behalf.

1

## II.  ELECTION

Under Section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability Adams might have to Plaintiff for Adams' acts or omissions related to the allegations set forth in this lawsuit, and, by this pleading, Plaintiff is provided written notice of Allstate's Election.

## III.  DISMISSAL OF DARRELL ADAMS WITH PREJUDICE

Under Section 542A.006(c) of the Texas Insurance Code, and based on Allstate's Election, this Court "shall dismiss" this action against Adams with prejudice.  Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

FOR THESE REASONS, Allstate prays that this Election be filed with the records in this lawsuit and that Darrell Adams be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

Respectfully submitted,

By: _ /s/Jay Simon _____

**Jay Scott Simon**
State Bar No. 24008040
jsimon@thompsoncoe.com
One Riverway, Suite 1400
THOMPSON, COE, COUSINS & IRONS, LLP
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**

2

## CERTIFICATE OF SERVICE

This is to certify that on September 10, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

John Pat Parsons
LINDSAY, LINDSAY & PARSON
710 N. 11th St.
Beaumont, TX 77702
jparsons@llptx.com

_/s/Jay Simon_
Jay Scott Simon

7282643v1

## CAUSE NO. D190288-C

| | | |
|---|---|---|
| **SUSAN C. HOLMES and** | § | **IN THE DISTRICT COURT OF** |
| **EMILY ALLEN,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY, NATIONAL** | § | |
| **CATASTROPHE TEAM, DAVID** | § | |
| **NORWOOD, DARRELL ADAMS,** | § | |
| **DANICA KING and MARVIN** | § | |
| **MITCHELL,** | § | |
| | § | |
| *Defendants.* | § | **260TH JUDICIAL DISTRICT** |

## ORDER OF DISMISSAL OF DEFENDANT DARRELL ADAMS WITH PREJUDICE

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code filed by Defendant Allstate Vehicle and Property Insurance Company ("Allstate").  Allstate has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code on behalf of Defendant Darrell Adams ("Adams").

It is therefore **ORDERED**, **ADJUDGED AND DECREED** that all claims and causes of action brought against Adams in the above-referenced cause are hereby **DISMISSED** with prejudice to refiling of same.  Any and all relief sought against Adams not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and relating to any claim or cause of action brought against Adams shall be borne by the party incurring same.

_____          _____

DATE                                        JUDGE PRESIDING

7282637v1

CAUSE NO. D190288-C

| | | |
|---|---|---|
| **SUSAN C. HOLMES and** | § | **IN THE DISTRICT COURT OF** |
| **EMILY ALLEN,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY, NATIONAL** | § | |
| **CATASTROPHE TEAM, DAVID** | § | |
| **NORWOOD, DARRELL ADAMS,** | § | |
| **DANICA KING and MARVIN** | § | |
| **MITCHELL,** | § | |
| | § | |
| *Defendants.* | § | **260TH JUDICIAL DISTRICT** |

### DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE FOR DANICA KING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

### I.  RELEVANT BACKGROUND

On August 6, 2019, Plaintiff filed this action relating to events in claim number 0473345098, naming as defendants Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell.

For purposes of this Election, Danica King ("King") is considered Allstate's "agent" under Texas Insurance Code Section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act on Allstate's behalf.

1

## II.  ELECTION

Under Section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability King might have to Plaintiff for King's acts or omissions related to the allegations set forth in this lawsuit, and, by this pleading, Plaintiff is provided written notice of Allstate's Election.

## III.  DISMISSAL OF DANICA KING WITH PREJUDICE

Under Section 542A.006(c) of the Texas Insurance Code, and based on Allstate's Election, this Court "shall dismiss" this action against King with prejudice.  Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

FOR THESE REASONS, Allstate prays that this Election be filed with the records in this lawsuit and that Danica King be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

Respectfully submitted,

By:   */s/Jay Simon*

**Jay Scott Simon**
State Bar No. 24008040
jsimon@thompsoncoe.com
One Riverway, Suite 1400
THOMPSON, COE, COUSINS & IRONS, LLP
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**

7282646v1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on September 10, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

John Pat Parsons
LINDSAY, LINDSAY & PARSON
710 N. 11th St.
Beaumont, TX  77702
jparsons@llptx.com

_/s/Jay Simon_
Jay Scott Simon

3

## CAUSE NO. D190288-C

| | | |
|---|---|---|
| **SUSAN C. HOLMES and** | § | **IN THE DISTRICT COURT OF** |
| **EMILY ALLEN,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY, NATIONAL** | § | |
| **CATASTROPHE TEAM, DAVID** | § | |
| **NORWOOD, DARRELL ADAMS,** | § | |
| **DANICA KING and MARVIN** | § | |
| **MITCHELL,** | § | |
| | § | |
| *Defendants.* | § | **260TH JUDICIAL DISTRICT** |

## ORDER OF DISMISSAL OF DEFENDANT DANICA KING WITH PREJUDICE

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code filed by Defendant Allstate Vehicle and Property Insurance Company ("Allstate").  Allstate has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code on behalf of Defendant Danica King ("King").

It is therefore **ORDERED**, **ADJUDGED AND DECREED** that all claims and causes of action brought against King in the above-referenced cause are hereby **DISMISSED** with prejudice to refiling of same.  Any and all relief sought against King not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and relating to any claim or cause of action brought against King shall be borne by the party incurring same.

_____          _____
DATE                                     JUDGE PRESIDING

7282640v1

CAUSE NO. D190288-C

| | | |
|---|---|---|
| **SUSAN C. HOLMES and** | § | **IN THE DISTRICT COURT OF** |
| **EMILY ALLEN,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY, NATIONAL** | § | |
| **CATASTROPHE TEAM, DAVID** | § | |
| **NORWOOD, DARRELL ADAMS,** | § | |
| **DANICA KING and MARVIN** | § | |
| **MITCHELL,** | § | |
| | § | |
| *Defendants.* | § | **260TH JUDICIAL DISTRICT** |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE FOR MARVIN MITCHELL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

## I.  RELEVANT BACKGROUND

On August 6, 2019, Plaintiff filed this action relating to events in claim number 0473345098, naming as defendants Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell.

For purposes of this Election, Marvin Mitchell ("Mitchell") is considered Allstate's "agent" under Texas Insurance Code Section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act on Allstate's behalf.

1

## II.  ELECTION

Under Section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability Mitchell might have to Plaintiff for Mitchell's acts or omissions related to the allegations set forth in this lawsuit, and, by this pleading, Plaintiff is provided written notice of Allstate's Election.

## III.  DISMISSAL OF MARVIN MITCHELL WITH PREJUDICE

Under Section 542A.006(c) of the Texas Insurance Code, and based on Allstate's Election, this Court "shall dismiss" this action against Mitchell with prejudice.  Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

FOR THESE REASONS, Allstate prays that this Election be filed with the records in this lawsuit and that Marvin Mitchell be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

Respectfully submitted,

By:   /s/Jay Simon
**Jay Scott Simon**
State Bar No. 24008040
jsimon@thompsoncoe.com
One Riverway, Suite 1400
THOMPSON, COE, COUSINS & IRONS, LLP
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**

2

## CERTIFICATE OF SERVICE

This is to certify that on September 10, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

John Pat Parsons
LINDSAY, LINDSAY & PARSON
710 N. 11th St.
Beaumont, TX 77702
jparsons@llptx.com

_/s/Jay Simon_
Jay Scott Simon

CAUSE NO. D190288-C

| | | |
|---|---|---|
| **SUSAN C. HOLMES and** | § | **IN THE DISTRICT COURT OF** |
| **EMILY ALLEN,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY, NATIONAL** | § | |
| **CATASTROPHE TEAM, DAVID** | § | |
| **NORWOOD, DARRELL ADAMS,** | § | |
| **DANICA KING and MARVIN** | § | |
| **MITCHELL,** | § | |
| | § | |
| *Defendants.* | § | **260TH JUDICIAL DISTRICT** |

## ORDER OF DISMISSAL OF DEFENDANT MARVIN MITCHELL WITH PREJUDICE

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code filed by Defendant Allstate Vehicle and Property Insurance Company ("Allstate"). Allstate has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code on behalf of Defendant Marvin Mitchell ("Mitchell").

It is therefore **ORDERED**, **ADJUDGED AND DECREED** that all claims and causes of action brought against Mitchell in the above-referenced cause are hereby **DISMISSED** with prejudice to refiling of same. Any and all relief sought against Mitchell not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and relating to any claim or cause of action brought against Mitchell shall be borne by the party incurring same.

| | |
|---|---|
| DATE | JUDGE PRESIDING |

7282641v1

## CAUSE NO. D190288-C

| | | |
|---|---|---|
| **SUSAN C. HOLMES and** | § | **IN THE DISTRICT COURT OF** |
| **EMILY ALLEN,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY, NATIONAL** | § | |
| **CATASTROPHE TEAM, DAVID** | § | |
| **NORWOOD, DARRELL ADAMS,** | § | |
| **DANICA KING and MARVIN** | § | |
| **MITCHELL,** | § | |
| | § | |
| *Defendants.* | § | **260TH JUDICIAL DISTRICT** |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE FOR DAVID NORWOOD

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

## I.  RELEVANT BACKGROUND

On August 6, 2019, Plaintiff filed this action relating to events in claim number 0473345098, naming as defendants Allstate Vehicle and Property Insurance Company, National Catastrophe Team, David Norwood, Darrell Adams, Danica King and Marvin Mitchell.

For purposes of this Election, David Norwood ("Norwood") is considered Allstate's "agent" under Texas Insurance Code Section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act on Allstate's behalf.

1

## II.  ELECTION

Under Section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability Norwood might have to Plaintiff for Norwood's acts or omissions related to the allegations set forth in this lawsuit, and, by this pleading, Plaintiff is provided written notice of Allstate's Election.

## III.  DISMISSAL OF DAVID NORWOOD WITH PREJUDICE

Under Section 542A.006(c) of the Texas Insurance Code, and based on Allstate's Election, this Court "shall dismiss" this action against Norwood with prejudice.  Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

FOR THESE REASONS, Allstate prays that this Election be filed with the records in this lawsuit and that David Norwood be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

Respectfully submitted,

By:    /s/Jay Simon
       **Jay Scott Simon**
       State Bar No. 24008040
       jsimon@thompsoncoe.com
       One Riverway, Suite 1400
       THOMPSON, COE, COUSINS & IRONS, LLP
       Houston, Texas 77056
       Telephone:  (713) 403-8210
       Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**

2

## CERTIFICATE OF SERVICE

This is to certify that on September 10, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

John Pat Parsons
LINDSAY, LINDSAY & PARSON
710 N. 11th St.
Beaumont, TX  77702
jparsons@llptx.com

_/s/Jay Simon_
Jay Scott Simon

7282247v1

## CAUSE NO. D190288-C

| | | |
|---|---|---|
| **SUSAN C. HOLMES and** | § | **IN THE DISTRICT COURT OF** |
| **EMILY ALLEN,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY, NATIONAL** | § | |
| **CATASTROPHE TEAM, DAVID** | § | |
| **NORWOOD, DARRELL ADAMS,** | § | |
| **DANICA KING and MARVIN** | § | |
| **MITCHELL,** | § | |
| | § | |
| *Defendants.* | § | **260TH JUDICIAL DISTRICT** |

## ORDER OF DISMISSAL OF DEFENDANT DAVID NORWOOD WITH PREJUDICE

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code filed by Defendant Allstate Vehicle and Property Insurance Company ("Allstate"). Allstate has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code on behalf of Defendant David Norwood ("Norwood").

It is therefore **ORDERED**, **ADJUDGED AND DECREED** that all claims and causes of action brought against Norwood in the above-referenced cause are hereby **DISMISSED** with prejudice to refiling of same. Any and all relief sought against Norwood not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and relating to any claim or cause of action brought against Norwood shall be borne by the party incurring same.

_____          _____
DATE                                                          JUDGE PRESIDING